IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| RYON RUSSELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. |
| v. | ) | 2:21cv507-MHT |
| | ) | (WO) |
| CLEVON T. RANDOLPH, et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

OPINION

Plaintiff Ryon Russell, who is incarcerated by the
Alabama Department of Corrections (ADOC), has named as
defendants former ADOC Commissioner Jefferson Dunn and
ADOC correctional officers Clevon T. Randolph, Rufus
Williams, Bryant Mims, and Daniel Gay.* Relying on 42
U.S.C. § 1983, he asserts that Randolph, Williams,
Mims, and Gay violated the Eighth Amendment by beating
him--and failing to intervene in his beating--after he
did not immediately comply with an order to move to a

---

* In his complaint, Russell incorrectly refers to
defendant Gay as "Gates." *See* Complaint (Doc. 1) at
¶ 5; Answer (Doc. 9) at 1 n.2.

new dormitory where he had certain enemies.  He also asserts that former Commissioner Dunn violated the Eighth Amendment by failing to provide an adequate grievance procedure for protesting the decision to move him into the new dormitory.  The court has jurisdiction over his claims pursuant to 28 U.S.C. §§ 1331 (federal question) and 1343 (civil rights).

This cause is now before the court on Dunn's motion to dismiss the claim against him.  For the reasons that follow, the motion will be granted.

## I. Standard on Motion to Dismiss

Former Commissioner Dunn moves to dismiss Russell's claim against him under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.  To survive a Rule 12(b)(6) motion, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting

2

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).
"A claim has facial plausibility when the plaintiff
pleads factual content that allows the court to draw
the reasonable inference that the defendant is liable
for the misconduct alleged." *Id.*

## II. Factual Background

According to the allegations in the complaint,
Russell is incarcerated at Bullock Correctional Center,
a prison operated by ADOC.    In August 2019, a
correctional officer notified him that he was required
to move to a new dormitory.    He politely protested,
explaining that he had enemies in the new dormitory.
He then approached officer Randolph and asked him to
reconsider the decision to move him.    Randolph refused
and Russell asked for permission to speak with his
commanding officer.    Randolph refused again.    Randolph
then summoned officers Williams, Mims, and Gay, who
knocked Russell to the ground and handcuffed him.

3

While Russell was handcuffed and prone, the four officers kicked him repeatedly and dumped garbage on him. He sustained severe injuries and required treatment at the prison infirmary.

## III. Discussion

Russell brings only one claim against former Commissioner Dunn: he alleges that Dunn violated the Eighth Amendment by failing to provide him with an adequate grievance procedure to protest the decision to move him to a new dormitory.

In his dismissal motion, Dunn argues that the Eighth Amendment does not provide a right to an adequate grievance procedure. *See* Motion to Dismiss (Doc. 19-1) at 5 (citing *Thomas v. Warner*, 237 F. App'x 435, 437-38 (11th Cir. 2007)). And in his response, Russell "admits that precedent may be interpreted to mean that an inmate has no right to file grievances," although he maintains that this precedent is wrongly

**4**

decided "and wishes to preserve his arguments for a change in the law." Response to Motion to Dismiss (Doc. 21) at 1 (citing *Baker v. Rexroad*, 159 F. App'x 61, 62 (11th Cir. 2005)).

Indeed, the Eleventh Circuit Court of Appeals has held that incarcerated people have no constitutional right to an adequate grievance procedure. *See Wildberger v. Bracknell*, 869 F.2d 1467, 1467-68 (11th Cir. 1989); *Bingham v. Thomas*, 654 F.3d 1171, 1177 (11th Cir. 2011). Accordingly, Russell's claim against Dunn is due to be dismissed.

In the section of his complaint devoted to his claim of "inadequate grievance procedures," Russell also includes the following sentence: "Separate and apart from the lack of adequate grievance procedures, the Department of Corrections also lacks an adequate method for tracking and separating 'enemies,' which are inmates that openly threaten to harm other inmates." Complaint (Doc. 1) at ¶ 38. If he intends by this

5

sentence to state a claim of deliberate indifference against Dunn, or any of the defendants, he has failed to do so. To state an Eighth Amendment deliberate-indifference claim, a plaintiff must allege facts sufficient to show (1) a substantial risk of serious harm; (2) the defendant's deliberate indifference to that risk--*i.e.*, that the defendant had subjective knowledge of a risk of serious harm, that he disregarded such risk, and that, in doing so, he was more than merely negligent; and (3) that the defendant's deliberate indifference caused the risk of serious harm--that is, that the defendant was personally involved in the acts or omissions that led to the risk. *See Lane v. Philbin*, 835 F.3d 1302, 1307-10 (11th Cir. 2016); *LaMarca v. Turner*, 995 F.2d 1526, 1535-39 (11th Cir. 1993).

Russell is free to amend his complaint, and the claims against Randolph, Williams, Mims, and Gay remain pending.

**\*\*\***

**An appropriate judgment will be entered.**

**DONE, this the 16th day of August, 2022.**

<u>    /s/ Myron H. Thompson    </u>
**UNITED STATES DISTRICT JUDGE**

**7**